FILED
JUN 29 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Benjamin J. Wherry et al., )
)
      Plaintiffs, )
)
v. ) Civil Action No. 11 1190
)
Administrative Office of the )
United States Courts et al., )
)
      Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the complaint, captioned "Class Action," signed and submitted by four federal prisoners.[1] In addition, each plaintiff has submitted an application to proceed *in forma pauperis*. The Court will grant each application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Plaintiffs are four prisoners incarcerated at the Federal Medical Center Devens in Ayers, Massachusetts. They assert that "[e]ach claim occurred in the District of Massachusetts save [that of] one Plaintiff [who] nonetheless [is] privy to this civil action because of the defendant Respondeat Superiors involved, *i.e.*, all defendant's [sic] named." Compl. at 2. Plaintiffs state that they "seek[] the same remedial relief . . . access to the Court . . . where all parties have a just legal claim of innocence, valid sentencing arguments, and/or mental health claim." *Id.* at 3. Their voluminous attachment to the complaint consists of each plaintiff's separate civil complaint and

---

[1] Plaintiffs may appear *pro se* on their own behalf, but they may not represent other *pro se* plaintiffs in federal court. *See* 28 U.S.C. § 1654. The plaintiffs to this action are Benjamin J. Wherry, William L. Slate, Melvin Pollard and Marvis H. Bownes.

petition for a writ of habeas corpus under 28 U.S.C. § 2241, three of which were denied by the United States District Court for the District of Massachusetts and one of which was denied by the Western District of Pennsylvania. This Court lacks jurisdiction in the following three respects.

First, this Court lacks jurisdiction to review the decisions of another federal court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Thus, to the extent that plaintiffs are seeking such relief, it is not available here.

Second, plaintiffs' claims of innocence and "sentencing arguments" must be presented to their respective sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief,

unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This Court did not sentence any of the plaintiffs, see Compl. at 1, and plaintiffs have not shown that their available remedy is inadequate or ineffective. To the extent that plaintiffs have already been denied such relief, they must seek permission from" the appropriate court of appeals" to file a successive petition. 28 U.S.C. § 2255(h).

Third, the proper respondent to a *habeas corpus* petition under § 2241 is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); accord *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) ("jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted). The District of Massachusetts is the proper judicial district to entertain plaintiffs' § 2241 habeas petitions.

For the foregoing reasons, the Court, lacking jurisdiction over the complaint, will dismiss the case. A separate Order accompanies this Memorandum Opinion.

Date: June 20, 2011

United States District Judge